ATTORNEY GENERAL ROBERT HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER INQUIRING WHETHER THE "BOARD LIAISON" SYSTEM ADOPTED BY THE OKLAHOMA CITY COMMUNITY COLLEGE BOARD OF REGENTS IS SUBJECT TO THE REQUIREMENTS OF THE OKLAHOMA OPEN MEETING ACT, 25 O.S. 301 (1981), ET AL, AS AMENDED. ALTHOUGH YOUR LETTER DOES NOT DESCRIBE THE "BOARD LIAISON" SYSTEM, IT APPEARS THAT BECAUSE YOUR QUESTION IS ADDRESSED BY A PREVIOUS OPINION OF THE ATTORNEY GENERAL, A.G. OPINION NO. 84-128, IT IS NEITHER NECESSARY NOR DESIRABLE TO ISSUE A FORMAL OPINION OF THE ATTORNEY GENERAL IN THIS INSTANCE. TO THE DEGREE THAT YOUR QUESTION CAN BE ANSWERED AS A MATTER OF LAW, THE PRIOR OPINION DOES SO; TO THE DEGREE THAT THE ANSWER TO YOUR QUESTION HINGES UPON QUESTIONS OF FACT WHICH CANNOT BE APPROPRIATELY ADDRESSED IN THE ATTORNEY GENERAL'S OPINION, WE SHOULD NOT ATTEMPT A DEFINITIVE ANSWER WHICH IS SUBJECT TO MISAPPLICATION IN DIFFERENT FACT SITUATIONS.
ATTORNEY GENERAL OPINION NO. 84-128 CORRECTLY POINTS OUT, IN MY VIEW, POINTS OUT THAT THE APPLICATION OF THE OPEN MEETING ACT TO COMMITTEE FUNCTIONS OF A PUBLIC BODY HINGES ON WHETHER THOSE PUBLIC BODIES EXERCISE ACTUAL OR DE FACTO DECISION MAKING AUTHORITY. SO LONG AS THE SUBORDINATE BODIES DO NOT ACTUALLY EXERCISE SUCH DECISION MAKING AUTHORITY, BY EFFECTIVELY DELIMITING THE RANGE OF OPTIONS AVAILABLE TO THE GOVERNMENT BODY WITHOUT OPPORTUNITY FOR FULL GOVERNING BODY REVIEW, THE OPEN MEETING ACT IS NOT VIOLATED. WHETHER ANY PARTICULAR SUBORDINATE BODY OF ANY PUBLIC BODY, INCLUDING THE OKLAHOMA CITY JUNIOR COLLEGE BOARD OF REGENTS, IS EXERCISING SUCH POWER IS GOING TO VARY WIDELY BASED ON THE FACTS OF EACH GIVEN SITUATION.
I HAVE INCLUDED, FOR YOUR CONVENIENCE, A COPY OF THE PRIOR ATTORNEY GENERAL OPINION. I REGRET THAT WE CANNOT GIVE YOU A MORE DEFINITIVE ANSWER. IF YOU HAVE FURTHER QUESTIONS, PLEASE DO NOT HESITATE TO CONTACT ME.
(NED BASTOW)